# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:13cv27-RLV

| | |
|---|---|
| MAY ELIZABETH CARROL, )<br>)<br>**Plaintiff**, )<br>v. )<br>)<br>)<br>MICHAEL J. ASTRUE, )<br>**Commissioner, Social Security** )<br>**Administration,** )<br>)<br>**Defendant.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon the Plaintiff's Application To Proceed In District Court Without Prepaying Fees Or Costs, filed February 14, 2013, in the Statesville Division.

By the instant Motion, the Plaintiff seeks to proceed on her Complaint against the Defendant to establish for herself, entitlement to Social Security Disability and Disability Insurance Benefits and Supplemental Security Income as provided by 42 U.S.C. § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), without having to prepay the costs associated with bringing this action.

The Plaintiff represents in her Application that she and her spouse is unemployed. Further, the Application states that in the past twelve months, the Plaintiff received public assistance of $270 per month from the North Carolina's Temporary Assistance for Needy Families (TANF) program, called Work First. In addition, the Plaintiff, according to her Application, received $640 per month in food stamps. Moreover, the Application reports that the Plaintiff expects to receive the same

assistance in the month following the filing of her Application. Further, such Application reflects that Plaintiff has no cash on hand, $18 altogether in two separate saving accounts, and $5 in a checking account. Furthermore, the Plaintiff represents that she owns a mobile home valued at $34,000, and a 2003 Dodge Caravan valued at $1,000.

Next, the Application lists the family's monthly expenses for housing, transportation, food, medical, clothing, transportation, and utilities which total $1,390.[1] Also, the Plaintiff represents in her Application that she and her spouse are responsible for the support of their thirty-year old disabled daughter, as well as, a seven-year old daughter. Meanwhile, in Question 9, the Plaintiff checks the "yes box", but does not provide the Court with a description of how her monthly income, expenses, assets or liabilities will change during the next twelve months.

Other than her own representations of indigence, the Plaintiff does not provide any other description of means of support for herself or her spouse other than the public assistance they receive.

In light of her representations, the Court does not understand how the Plaintiff' and her spouse can sustain a household, and support two daughters, one of which is disabled, absent any evidence of support of any kind. Therefore, the Court will hold the Plaintiff's Application To Proceed In District Court Without Prepaying Fees Or Costs in abeyance until such time as the Plaintiff provides additional information to the Court to support her allegations of indigence.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the Plaintiff's Application To Proceed In District Court Without Prepaying Fees Or Costs is held in **ABEYANCE;**

2. That within thirty (30) days of the date of this Order, the Plaintiff shall

---

[1] The total monthly expenses include a food stamps figure of $460. However, in Question 1, of the Application the Plaintiff reported that she received $640 per month in food stamps.

submit to the Court additional information to support her allegations.

<u>Failure to comply with the instant directive will result in the summary dismissal of the Plaintiff's case.</u>

3. The Clerk of Court is instructed to serve this Order on Plaintiff's attorney.

Signed: February 21, 2013

Richard L. Voorhees
United States District Judge